NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0320n.06

Case No. 17-4237

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 27, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE NORTHERN DISTRICT OF |
| RYAN TENNEBAR, | ) OHIO |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

BEFORE: SUTTON, McKEAGUE, and KETHLEDGE, Circuit Judges.

SUTTON, Circuit Judge. Ryan Tennebar appeals his 48-month sentence for obstructing justice. We affirm.

Tennebar owned and operated Healthcare Essentials, Inc., a company that sold medical devices. Part of its business involved selling machines manufactured by Kinetic Concepts, Inc. But Kinetic employed its own salesforce to sell its products; it did not permit other companies to do so. When Kinetic discovered that several of its machines were missing from customer facilities, only to resurface with their serial numbers defaced and replaced with Healthcare Essentials labels, it suspected that Healthcare Essentials stole the machines and resold them under its own label.

Kinetic sued Healthcare Essentials and reported its suspicions to the FBI, which opened a criminal investigation. In April 2017, agents showed up at Tennebar's house with a search warrant.

They asked Tennebar whether his company kept its records in a storage unit. Tennebar said no. But as soon as agents began searching his home, Tennebar drove to a hardware store, bought bolt cutters, broke into the storage unit that housed company records, and removed several boxes of documents.

That earned him an obstruction of justice charge, to which he pleaded guilty. The district court sentenced him to 48 months in prison, above the 15- to 21-month range recommended by the Sentencing Guidelines.

Tennebar complains that his sentence is substantively unreasonable—that it is too long in short. But district courts have considerable latitude to pick an adequate sentence, and we may reverse only if the court abused its discretion when applying the relevant statutory factors. *Gall v. United States*, 552 U.S. 38, 51 (2007).

No abuse occurred here. To start, Tennebar ignores the district court's careful consideration of the statutory factors. The court noted that this was Tennebar's first felony conviction. And it acknowledged that it would generally be inclined to impose a within-guidelines sentence in such circumstances. But a longer sentence was appropriate, it explained, to "promote respect for the law." 18 U.S.C. § 3553(a)(2)(A).

That determination was reasonable in view of Tennebar's "repeated violation of court orders." R. 33 at 21. In a separate civil lawsuit between Kinetic and Healthcare Essentials, Tennebar refused to turn over key documents despite court orders to do so. That earned him three days in jail for contempt. After he posted bond, Tennebar violated the conditions of his release, which required him to get approval from his probation officer before leaving his house. His probation officer gave him permission to get a haircut and visit a bank to get money to pay his attorney. Instead of doing that, Tennebar visited a different bank and sent $43,000 to his girlfriend

in Mexico. When the FBI reported the violation, the district court revoked his bond and ordered him detained.

When the district court gave Tennebar a chance to explain his conduct, moreover, he refused to accept responsibility. He claimed that he transferred the $43,000 to his girlfriend in Mexico so that she could meet payroll expenses for his company. But the district court suspected that Tennebar transferred the money to protect the company from a potential fine or civil judgment. Tennebar also claimed that he broke into the storage unit to retrieve files for the civil lawsuit, not to hamper the FBI investigation. But the district court found that explanation implausible because Tennebar lied about the existence of the storage unit and because he visited the unit as soon as he realized that the FBI was investigating him. All in all, the district court found that Tennebar would "prefer playing games instead of facing the consequences of his actions." *Id.* at 20. Ample evidence supports that finding.

The district court considered Tennebar's arguments for leniency, including his education and minimal criminal record. It weighed those arguments against Tennebar's repeated refusal to follow court orders. And it determined that an above-guidelines sentence would promote respect for the rule of law. We have no reason to upset that determination, as that is just what an individualized assessment of the § 3553(a) factors allows. *United States v. Sherer*, 770 F.3d 407, 413 (6th Cir. 2014).

We affirm.